7

DAVID P. CUSICK, #160467 TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
TALVINDER S. BAMBHRA, #230907, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
legalmail@cusick13.com
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | Case No: 17-23011-C-13C |
| | DCN: DPC-1 |
| MATTHEW VICKERS, ARIANA VICKERS, | TRUSTEE'S OBJECTION TO CONFIRMATION |
| | DATE: JULY 11, 2017 |
| | TIME: 2:00 P.M. |
| | JUDGE: KLEIN |
| Debtor(s) | COURTROOM: 33 |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor(s) plan and does not recommend its confirmation.

The Trustee objects to confirmation as:

1. **FAILED TO PROVIDE DOCUMENTS** The Trustee is unable to fully assess the feasibility of the plan; 11 U.S.C. § 521(e)(2)(A); FRBP 4002(b)(3). On their Voluntary Petition, debtors identify their DBA: Rocklin Coin Shop. On Statement of Financial Affairs #27, Debtors

1

report they own and operate a business-Rocklin Coin Shop. Searching the internet, the Trustee determined the Rocklin Coin Shop is located at 4870 Granite Dr, Rocklin, CA with the website www.rocklincoinshop.net.

In connection with the business, the trustee requested copies of certain documents including, but not limited to, a completed business questionnaire, 2 years of tax returns, profit and loss statements, bank account statements, proof of license and insurance or written statement of no such documentation exists. These documents were requested by the Trustee on May 10, 2017. Debtor has failed to provide the requested documents to the Trustee. On May 25, 2017, the Trustee received bank statements for Tri Counties Bank for November, 2016 to April, 2017 and 2015 Federal and State Tax Returns.

The Trustee has not received and request the Debtors provide:

- Business Questionnaire
- Monthly Profit & Loss statements for November, 2016 to April, 2017.
- Tri Counties Bank #2212- Cancelled checks November, 2016 to April, 2017
- 2014 Tax Return and 2016 Tax Returns (when filed)
- Proof of business license
- Proof of liability, workers comp and vehicle insurance
- Seller's Permit
- State Board of Equalization Return 2015 and 2016
- Asset List
- Inventory List

This is required **7 days before** the date set for the first meeting, 11 U.S.C. § 521(e)(2)(A)(i)

2. **FAILURE TO FILE TAX RETURNS** On May 12, 2017, the IRS filed Claim #4, which indicated that Debtors have not filed returns during the 4-year period preceding the filing of the Petition. Specifically, 2016, 2015 and 2014. See 11 U.S.C. §§ 1308 & 1325(a)(9).

3. **PLAN EXCEEDS 60 MONTHS** According to the Trustee's calculations the Plan will complete in 240 months as opposed to 60 months as proposed. This exceeds the maximum

amount of time allowed under 11 U.S.C. 1322(d). The Internal Revenue Service (IRS) filed Claim #4, which includes $180,265.24 in priority tax, and the plan proposes to pay the IRS $10,430.00. The claim filed by The Franchise Tax Board filed Claim #6, which includes $4,984.95 in priority tax but Debtors plan propose to pay $463.00. The two tax claims appear to be the cause for the plans extended term.

4. **BEST EFFORTS/INCOME** Debtors' Plan may not be the Debtors' best efforts under 11 U.S.C. §1325(b). Debtors may have erroneously reported their income on Statement of Current Monthly Income, Schedule I and the Statement of Financial Affairs. Debtors should be above median and appear to have significant unreported income and expenses.

a. HOUSEHOLD SIZE: Debtors' Statement of Current Monthly Income (DN 1, Pg. 43) Line 16b reports their household size as 7, allowing them a median income of $109,259..00 On Schedule J #2, debtors report their dependents (DN 1, Pg. 31) listing 4 children, the youngest is newborn and identified as "new". According to Schedule J, their household is only 6 (including the new baby). The median income for a household of 6 is $100,859.00. If their household is 6 the debtors are above median income.

b. NOT ALL INCOME ON FORM 122C-1: Debtors' Statement of Current Monthly Income, Form 122C-1(DN 1, Pgs. 41-46) reports Debtors' income at $4,500.00 each on #2-gross wages, salary, tips; their income averages $9,000.00 per month and $108,000.00 annually. The household of 7 (line 16c) median income in California is $109,259.

Debtors' bank statements dating November, 2016 to April, 2017 show Debtors' deposits average $68,833.95 per month.

c. REPORTED INCOME  It appears the debtors may have reported their net business income versus their annual gross receipts on both Schedule I and the Statement of Financial Affairs.

On Schedule I (DN 1, Pgs. 29-30), Debtors' each report earning $4,500.00 in income from wages on line 4, with no deductions. Debtors' net monthly income on line 12 is $9,000.00. At their First Meeting of Creditors held on June 1, 2017, debtors admitted they listed only their net income from operating their business.

Statement of Financial Affairs #4 (DN 1, Pgs. 34-35) reports earnings in 2017: $18,000 each or $36,000 combined, in 2016: $54,000 each ($108,000 combined) and in 2015: $54,000 each ($108,000 combined).

d. TAX RETURN According to bank records provided to the Trustee, the Debtors deposited approximately $285,064.52 between January, 2017 and April, 2017.

Debtors' 2015 1040 Federal Tax Return reveals Debtors' file Schedule C and operate their business as a Sole Proprietor with gross receipts of $1,061,546.00 in 2015. The Trustee has not received Debtors' 2014 or 2016 Returns.

When examined at the First Meeting of Creditors held on June 1, 2017, debtors explained that the income reported is their net income not the gross receipts.

5. **BEST EFFORTS/SCHEDULE J EXPENSES** The Debtors' Plan may not be the Debtors' best efforts under 11 U.S.C. §1325(b). The Trustee has concerns with a couple of debtors' expenses on Schedule J.

a. TAX SAVINGS: On line #16, debtors deduct $1,000 per month for estimated taxes. The Trustee assumes these are for personal income taxes and is not opposed to the deduction. The Trustee suggests the Court order the Debtors set the tax savings aside in a new/separate bank

account for the sole use and purpose of tax savings and payments, and that Debtors provide a copy of the bank statement to the Trustee on a quarterly basis.

    b. <u>MEDICAL INSURANCE:</u> On line #15b, debtors deduct $1,215.00 per month for health insurance. The Trustee does not oppose the need for medical insurance, but requests proof of the expense and how it is paid.

    6. **BUSINESS ATTACHMENT/NOT ALL EXPENSES REPORTED**: The Debtors cannot make the payments under the plan or comply with the plan, 11 U.S.C. § 1325(a)(6). Debtors' testimony at the 341 suggests that debtors are not employees but are owner/operators of their business Rocklin Coin Shop.

    Debtors' have additional expenses not reported. Debtors fail to report their business operation expenses on Schedule J and have not filed the attached the business attachment as required by Schedule I #8a. Debtors bank deposits average around $68,833.95 and income on Schedule I totals $9,000.00 (DN 1, Pg. 30, Ln #12). On Schedule J, debtors report monthly expenses of $6,270.00. There appears to be a discrepancy in the Debtors' Schedules and Statements that needs clarification.

    7. **LIQUIDATION** The Debtors' Plan may fail the Chapter 7 liquidation analysis under 11 U.S.C. §1325(a)(4). Debtors' nonexempt assets total $10,825.00 and the plan proposes to pay 14% or $5,915.14 to the unsecured creditors, and $11,225.00 in priority claims. Debtors' may have additional assets not disclosed.

    a. <u>BANK BALANCE:</u> On Schedule B #17, debtors list checking account at Tri-Counties Bank with $7,000 in the account on the date of filing. The Trustee has been unable to verify the balance reported and request that Debtors provide the Trustee with their May, 2017 bank

statement, including the balance on May 2, 2017. On Schedule C, Debtors' exempt $7,000 and have used all of their available wildcard exemption.

b. <u>ROCKLIN COIN SHOP</u> The Debtors' own Rocklin Coin Shop listed on Statement of Financial Affairs #24, the location of the shop is not reported on Schedule I or on Statement of Financial Affairs #24. The business does not appear to be listed as an asset on Schedule B #19 (DN 1, Pg. 13). It does not appear that debtors have disclosed their business fixtures, cases, cash registers, safes, computers and security cameras and equipment and any other business equipment and furnishings in the shop.

Through a Google internet search, the Trustee was able to find a business address of 4870 Granite Dr, Rocklin, CA and a business website of www.rocklincoinshop.net. Services on their website include buying silver plated items, selling of firearms, firearm classes, buying, selling and trading rare and specialty coins and appraisal of coins.

Based on the above, the Trustee is uncertain Debtors' have listed all of their assets in their schedules.

c. <u>INVENTORY:</u> On Schedule B #41-Inventory, Debtors lists "coins and metal inventory" $15,000. Debtors' have not filed with the Court or provided the Trustee with an itemized list of their inventory and the prospective values. The Trustee cannot adequately determine if the plan is proposed in good faith without verification of assets.

d. <u>GUNS:</u> The Trustee is concerned not all weapons are reported. Debtors business includes the sale of firearms and firearm training. On Schedule B #10, debtors list guns $2,000. The Trustee has no way of knowing how many guns debtors own personally and how many they have in merchandise for sale. The Trustee has not yet received any inventory lists from the debtors relating to their business assets.

e. <u>COLLECTIBLES</u>: The Trustee is concerned not all collectibles are reported. On Schedule B #8, debtors list no assets. Debtors deal in collecting of rare and unusual coins and other valuable collectibles, yet list no personal collections. Under "About Us" on the business website www.rocklincoinshop.com co-debtor Ariana Vickers is described as collecting since an early age, and specializes in numismatic coins and currency. Any collections should be listed on Schedule B #8.

7. **FAILURE TO FILE MOTION TO VALUE** The Debtors cannot make the payments under the plan or comply with the plan, 11 U.S.C. § 1325(a)(6). The Debtors propose to value the secured claim of Travis Credit Union, but have not filed a motion to value collateral. Debtor's plan does not have sufficient monies to pay the claim in full and therefore should also be denied confirmation.

8. **IDENTITY/SOCIAL SECURITY VERIFICATION** Debtor Ariana Vickers failed to provide proof of her Social Security Number to the Trustee to establish the Debtor's identity pursuant to the request of the United States Trustee and Chapter 13 Trustee, 11 U.S.C. §521(h)(2).

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor(s) plan.

Dated: JUNE 8, 2017

Talvinder S. Bambhra, Attorney for Trustee